UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────

UNITED STATES OF AMERICA f/u/b/o
SCHINDLER ELEVATOR CORPORATION
and SCHINDLER ELEVATOR CORPORATION,

Plaintiff,

- against -

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

Defendant.
───────────────────────────────────

24-cv-03108-JGK

**CONSENT MOTION AND PROTECTIVE ORDER**

This order is not binding on the Court or Court personnel. The Court reserves the right to amend at any time.

**SO ORDERED.**

Dated August 16, 2024         /s/ John G. Koeltl
New York, New York            John G. Koeltl, U.S.D.J.

Plaintiff, Schindler Elevator Corporation ("SEC") and Defendant, Philadelphia Insurance Company ("PIIC"), through undersigned counsel, and pursuant to F.R.C.P. 26(c)(1) and the Court's scheduling order, do hereby jointly move the Court to enter into the following Consent Motion and Protective Order ("Protective Order") in order to facilitate the prompt production of discovery materials in the above-styled lawsuit ("Lawsuit").

**PROTECTIVE ORDER**

With the foregoing in mind, and the Court finding GOOD CAUSE, it is, therefore, ORDERED, ADJUDGED, and DECREED as follows:

1.  **Proceedings and Information Governed**. This Protective Order shall govern all documents and information exchanged during this Lawsuit, including, but not limited to, documents produced by parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, all interrogatories, document requests, and requests for admissions, including all responses thereto, and any physical objects or other items or any other information

gained by inspection of any tangible thing that are designated as "Confidential Information" or "Confidential Attorneys' Eyes Only Information" in accordance with the terms of this Protective Order. This Protective Order shall also extend to any information copied or extracted from information protected herein, as well as all copies, excerpts, summaries, or compilations of this protected information, plus testimony, conversations or presentations by Parties or counsel to or in court or in other settings that reveal this protected information.

2. **Classification of Information.** For purposes of this Protective Order, "Confidential Information" is limited to documents and things that reflect or contain: (i) proprietary information and literature; (ii) sensitive business or financial information; or (iii) confidential research, development, or commercial information. "Confidential Attorneys' Eyes Only Information" includes documents and things that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential, financial, technical, marketing, or any other sensitive personal information. Confidential and Confidential Attorneys' Eyes Only Information does not include (and this Protective Order does not apply to): (a) information that is already in the knowledge or possession of the Party to whom disclosure is made, unless that Party is already bound by agreement not to disclose such information; or (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. **Designation of Information**. Documents and things, or a portion thereof, produced during the course of this Lawsuit may be designated by the Producing Party as containing Confidential Information by placing on each page and each thing the stamp "**CONFIDENTIAL**." Likewise, documents and things may be designated by the Producing Party as containing Confidential Attorneys' Eyes Only Information by placing on each page and

each thing the stamp "**CONFIDENTIAL ATTORNEYS' EYES ONLY**."

4. **Depositions**. On the record of a deposition or by written notice no later than seventy-two (72) hours after receipt of a deposition transcript, a party may claim any portion of a deposition as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" by identifying by page and line numbers the relevant transcript materials.

5. **Good Faith Designation.** By designating a deposition, document or thing "CONFIDENTIAL" OR "CONFIDENTIAL ATTORNEYS' EYES ONLY" the designating party represents that it has analyzed the information or materials that are being produced, and that it has determined in good faith that they fall within the definition of "CONFIDENTIAL INFORMATION" or CONFIDENTIAL ATTORNEYS' EYES ONLY" as defined herein. Over designation is strongly discouraged.

6. **Maintenance of Information.** It is the responsibility of counsel for each Party to maintain materials containing Confidential or Confidential Attorneys' Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order. Counsel for the Producing Party is responsible for adherence by third-party vendors known to the Producing Party to the terms and conditions of this Protective Order.

7. **Inadvertent Disclosure.** Inadvertent or unintentional disclosure of Confidential or Confidential Attorneys' Eyes Only Information during the course of this Lawsuit, without designating it as Confidential or Confidential Attorneys' Eyes Only Information at the time of disclosure, shall not be deemed a waiver by the Producing Party in whole or in part of a claim that disclosed information is Confidential or Confidential Attorneys' Eyes Only Information, provided that such item is so designated within five (5) business days after learning of the

inadvertent or unintentional disclosure.

8. **Use and Disclosure of and Access to Information**. Information designated as Confidential or Confidential Attorneys' Eyes Only Information may only be used (1) for purposes of preparation, trial, and appeal of this Lawsuit, or (2) by counsel in other acts arising out of the same or a similar set of facts, transactions, or occurrences that are asserted in the petition filed in this case solely for the litigation of such actions, and may not be used for any other purpose. Except as otherwise specifically provided herein, access to and disclosure of "CONFIDENTIAL INFORMATION" shall be limited to:

(a)  The Parties;

(b)  All attorneys of record for the parties in this case, including members of their respective law firms (whether outside counsel or in-house counsel) and their paralegals, administrative assistants, secretaries, clerical, administrative, and support staff, and independent contractors engaged by counsel (other than outside consultants and experts as otherwise discussed herein), translators privately retained by the parties for the preparation or trial of this case, court reporters, and deposition videographers;

(c)  Subject to paragraph 9 below, outside consultants or experts retained by the parties in connection with this case, who are not employees of the Non-Producing Party or its affiliates. Such outside consultants shall agree to be bound by this Protective Order to the same extent as if they were a Party hereto and shall not use the Producing Party's Confidential Items for (i) their own benefit or the benefit of the Non-Producing Party, other than in connection with this case; or (ii) the benefit of any other persons or corporations;

(d)  The Court, and the Court's personnel, court reporters, interns, and the jury; and

(e)  Any attorney representing a party in other present or future cases in any court in the United States against the Producing Party alleging claims arising out of the same or a similar set of facts, transactions, or occurrences that are asserted in the petition filed in this case.

"CONFIDENTIAL ATTORNEYS' EYES ONLY" information may be disclosed by the Non-Producing Party only to those individuals identified in 8(b)-(d).

9. **Agreement to abide by Protective Order**. Execution of this Protective Order by

undersigned counsel shall constitute a representation that all persons listed in paragraph 8(a) and (b) above shall observe this Protective Order. Before being given access to materials protected by this Protective Order, each person described in paragraphs 8(c) and (e) shall be given a copy of the Protective Order and shall sign a copy of Exhibit "A."

A copy of the executed Confidentiality Agreement of each such person shall be provided to the Producing Party upon the execution thereof; however, a copy of the executed Confidentiality Agreement of any *consulting* expert whose identity, mental impressions, or opinions are not discoverable under Rule 192.3(e) shall not be provided to the Producing Party so as to prevent disclosure of the identify of such consulting expert.

10. **Challenge to Disclosure**. Following the receipt of any signed Confidentiality Agreement as provided in paragraph 8, the Producing Party shall have ten (10) business days from receipt of the Confidentiality Agreement to object to that proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the Parties are unable to resolve any objection, the objecting Party may apply to the presiding judge to resolve the matter by filing a letter motion in compliance with the Court's local rules and standing orders. There will be no disclosure of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information to any proposed individual during the ten (10) business day period, unless that period is waived by the Producing Party, or if any objection is made, until the Parties have resolved the objection or the presiding judge has ruled upon any resultant motion.

11. **Challenge to Designations**. The Non-Producing Party may challenge the Producing Party's designation at any time. The Non-Producing Party disagreeing with a

designation may request in writing that the Producing Party change the designation. The Producing Party will then have ten (10) business days after notice of a challenge notice advise the Non-Producing Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of that ten (10) business day timeframe, the Non-Producing Party may at any time thereafter seek an order to alter the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation of the challenged item. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. The failure of a Party to challenge the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation of any item under this Protective Order at the time of production of the item shall not be deemed a waiver of that Party's right to challenge the propriety of such designation at any time thereafter. The Parties shall each bear their own costs and expenses associated with such challenge.

12. **Non-Party Information**. The existence of this Protective Order must be disclosed to any Non-Party producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to this Protective Order.

13. **Use of Information at hearing or trial.** This Order does not seal court records in this case and is only intended to facilitate the prompt production of discovery materials. If a party intends to use at trial or at a hearing in this case any document designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY", the party shall first

move the Court for a temporary sealing order until the issue may be taken up as a separate matter in compliance with the Federal Rules of Civil Procedure. No determination is being made by the Court at this time that these documents are entitled to protection. Such issues are reserved and will be ruled on pursuant to this Order and any applicable notice and hearing provisions. This Order merely provides a framework for the parties to claim such materials as confidential proprietary information and to preserve such issues for ruling on until each party may prepare their appropriate arguments on these issues.

14. **No Prejudice.** Producing or receiving "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or otherwise complying with this Protective Order will not (a) operate as an admission by any Party that any of the such information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided by this Protective Order with respect to any particular information or material.

15. **Return of Documents.** At the termination of the Lawsuit, the Court may order any materials protected under this Protective Order to be returned to the Producing Party for good cause shown.

16. **Survival**. All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties

and any persons provided access to "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information under the terms of this Protective Order with respect to any dispute over the improper use of such "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information.

**WHEREFORE,** the parties to this Litigation hereby jointly move the Court to enter into the foregoing Protective Order and to grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of August, 2024.

| | |
|---|---|
| COZEN O'CONNOR | TOBIA & LOVELACE ESQS., LLC |
| /s/ Lawrence M. Prosen | /s/ Othiamba N. Lovelace |
| Lawrence M. Prosen (977374) | Othiamba N. Lovelace (OL2828) |
| 1200 19th Street, NW, Ste. 300 | 5 Sicomac Road, Ste. 177 |
| Washington, DC 20036 | North Haledon, NJ 07508 |
| *Tel*: (202) 304-1449 | *Tel*: (973) 568-5800 |
| *Fax*: (202) 400-2715 | *Fax*: (201) 638-0990 |
| lprosen@cozen.com | otlovelace@tobialovelaceesqs.com |
| | |
| Rachel B. Soloman (531545) | *Counsel for Defendant* |
| 3 WTC, 175 Greenwich St., 55th Fl. | |
| New York, NY 10007 | |
| *Tel*: (212) 509-9400 | |
| *Fax*: (646) 880-3643 | |
| rsoloman@cozen.com | |
| | |
| *Counsel for Plaintiffs* | |

This Court, having found just cause exists for the foregoing Consent Motion, does here by **GRANT** such Order.

**SO ORDERED THIS** 16 **DAY OF** August **, 2024.**

/s/ John G. Koeltl
Judge Presiding